**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| XAVIER MONTRELL BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-797-SLP |
| | ) | |
| GEO LAWTON CORRECTIONAL | ) | |
| FACILITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff Xavier Montrell Baker, a state prisoner appearing pro se and in forma pauperis, seeks civil rights relief, alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. Judge Green screened the Complaint in accordance with 28 U.S.C. §§ 1915A(a) and 1915(e)(2), and she recommends the action be dismissed in part.

Plaintiff has filed an Objection [Doc. No. 10] to the R. & R. Accordingly, the Court must make a de novo determination of those issues specifically raised by the Objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For the following reasons, the R. & R. is ADOPTED, and the Complaint is dismissed in part.

## I.    Background[1]

Plaintiff is incarcerated at Lawton Correctional Facility ("LCF"), a private prison operated by GEO Group Corrections, Inc. ("GEO Group").  He alleges that a correctional officer injured him by slamming a food tray slot on his arm.  Plaintiff then filed this action for a violation of his civil rights, pursuant to 42 U.S.C. § 1983, naming two Defendants: "GEO Lawton Correctional Facility"[2] and "Correctional Officer Underwood."  [Doc. No. 1] at 6.  His Complaint includes two claims, which the Court addresses below.

## II.    Plaintiff's Claims

### a.  Cruel & Unusual Punishment (Claim I)

Plaintiff asserts his first claim against GEO Group and Officer Underwood, in both his official and individual capacities.  *See id.* at 4.  The Complaint alleges that Officer Underwood violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by "slamm[ing] [his] arm in the food tr[a]y slot."  *Id.* at 7; *see also* [Doc. No. 1-1].  The R. & R. recommends that this claim be allowed to proceed "against Defendant Underwood in his individual capacity."  [Doc. No. 9] at 1.  But it recommends the Court dismiss the remainder of the claim because (1) Plaintiff cannot

---

[1] The Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[2] In her R. & R., Judge Green noted it was unclear whether Plaintiff intended to sue LCF or GEO Group.  *See* [Doc. No. 9] at 5.  In his Objection, Plaintiff "concedes that GEO Lawton Correctional Facility is not a 'person' nor a 'legally created entity' capable of being sued."  [Doc. No. 10] at 2–3.  The remainder of his Objection references GEO Group, so the Court presumes this is the intended Defendant.  *See, e.g., id.* at 4.  Accordingly, claims against LCF—to the extent they have been pled—are dismissed for the reasons set forth in the R. & R.

assert an official-capacity claim against Officer Underwood, and (2) plaintiff "has not

identified an official policy or custom established by GEO [Group] in support of his

claims." *Id.* at 6.

Plaintiff objects only to the second point, claiming his § 1983 claim can proceed

under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), because GEO

Group "has an informal custom of using excessive force against prisoners." [Doc. No.

10] at 4.  He then cites a string of cases from this district, presumably to demonstrate

previous instances of excessive force.  *Id.* (citing cases).  But Plaintiff cannot avoid

dismissal by simply listing other district court cases involving GEO Group in his

Objection.  Instead, his *Complaint* must include "facts that, if true, would give rise to a

plausible inference that such a policy exists."  *Ward v. City of Hobbs*, 398 F. Supp. 3d

991, 1039 (D.N.M. 2019).  Because the Complaint includes no such facts, this portion of

Plaintiff's claim is subject to dismissal.

Accordingly, the R. & R. is ADOPTED to the extent it recommends (1) dismissal

without prejudice of all claims against LCF, (2) dismissal with prejudice of Plaintiff's

official-capacity claim against Defendant Underwood, and (3) dismissal without

prejudice of Claim I against GEO Group.[3]

---

[3] The R. & R. also recommends that the Court conclude "Plaintiff has sufficiently stated an
Eighth Amendment excessive force claim against Defendant Underwood in his individual
capacity." [Doc. No. 9] at 8.  Defendant Underwood has not yet appeared in this action, nor has
a special report been ordered.  At this time, the Court declines to affirmatively find these
allegations are sufficient to state a claim.

### b. *Medical Treatment (Claim II)*

In his second claim—asserted against GEO Group only—Plaintiff contends his "constitutional right to medical treatment" was violated because he "went 3 weeks without medical attention or . . . x-rays" even though "all staff knew of [his] injury." [Doc. No. 1] at 7–8.  Again, Judge Green recommends dismissal of this claim because Plaintiff failed to identify an official custom or policy promulgated by GEO Group.  *See* [Doc. No. 9] at 6.

In his Objection, Plaintiff's sole contention is that his "claim is actually an Eighth Amendment deliberate indifference claim against the contract medical healthcare provider Turn Key Health." [Doc. No. 6].  Plaintiff asks the Court to either "add Turn Key Health as a defendant to this action, or, in the alternative, give [him] the opportunity to remedy the defect of his pleading." [Doc. No. 10] at 6–7.  The Objection does not disagree with Judge Green's conclusion that his claim, as stated, is subject to dismissal. Accordingly, the R. & R. is ADOPTED to the extent it recommends dismissal without prejudice of Plaintiff's second claim against GEO Group.

To the extent that Plaintiff wishes to amend his pleadings, he should make that request by separate motion.  The Court declines to grant the request at this juncture, as it "arises only as an 'in-the-alternative' afterthought to his Objection[] to [Judge Green's] Report." *Warnick v. Cooley*, No. 214CV00186JNPPMW, 2017 WL 1184017, at *9 (D. Utah Mar. 29, 2017), *aff'd*, 895 F.3d 746 (10th Cir. 2018).

**III.    Conclusion**

IT IS THEREFORE ORDERED that the R. & R. is ADOPTED, as set forth herein.

IT IS FURTHER ORDERED that the Court reserves ruling on the sufficiency of the allegations of Plaintiff's individual-capacity claim against Defendant Underwood.

IT IS SO ORDERED this 17th day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE